UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON MACALLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-2899 (UNA) |
| | ) |
| | ) |
| UNITED STATES GOVERNMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## Memorandum Opinion

The Court is in receipt of Plaintiff's *pro se* complaint and application to proceed *in forma pauperis* (IFP). For the following reasons, the IFP motion will be granted, and the complaint will be dismissed.

Plaintiff, who identifies himself as Chief Executive Officer of 5 Sec Recharging EVs Inc., brings this action "against the United States Government and its Environmental Protection Agency (EPA) for unlawfully imposing a five-year commercialization requirement for applicants of the Inflation Reduction Act (IRA) Greenhouse Gas Reduction Fund (GGRF)." ECF No. 1 at 1, 5. According to Plaintiff, this "unauthorized requirement was not mandated by Congress and is harming newer, innovative technologies such as those developed" by his company. *Id.* at 1. In addition, Plaintiff contends that EPA's actions "undermine American innovation and deprive commercial fleets and American taxpayers" of their ability to "choose between outdated 30-60 minute EV recharging technologies" and his company's "EVs and stations that allow zero to 400 miles range in just 5 seconds while staying seated." *Id.* To "ensure fair competition for" his company "and others," Plaintiff seeks an injunction "[p]aus[ing] the EPA's application process" and "stopping the EPA from enforcing the five-year commercialization rule," as well as a

declaration that his company "meets the intent of Congress given the commercial success of NIO and Ample, whose slower technologies are receiving funding." *Id.* at 4. Plaintiff also seeks $1 billion for his "emotional pain, suffering, and financial damages" and $1 billion for the company's "lost business opportunities and delayed market entry." *Id.*

The claims Plaintiff asserts in his capacity as CEO are not properly before the Court because in federal court "the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. It is well established that "a corporation may appear in the federal courts only through licensed counsel." *In re Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)); *see Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty.*, 543 F.2d 32, 34 (7th Cir. 1976) (per curiam) ("Although section 1654 protects the individual's right to 'plead and conduct (his or her) own cases personally,' that right has never been enlarged to permit the individual to act in behalf of or as an agent for a party corporation.").

As for the personal injury claim, Plaintiff has not satisfied his burden to establish jurisdiction. Fed. R. Civ. P. 8(a)(1); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States and U.S. agencies are immune from suit absent "clear congressional consent." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Albrecht v. Comm. on Emp. Benefits of Fed. Rsrv. Emp. Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) (federal agencies and instrumentalities performing federal functions possess sovereign immunity); *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir.

1984) (confirming immunity for government employees acting in their official capacity). A waiver of immunity "must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citation omitted).

The Federal Tort Claims Act (FTCA) waives the United States' immunity for certain claims for monetary relief. 28 U.S.C. § 1346(b)(1). But an FTCA claimant must exhaust administrative remedies before filing suit by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim. 28 U.S.C. § 2675(a). If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed a final denial." *Id.* In this circuit, the FTCA's presentment requirement is "jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see Norton v. United States*, 530 F. Supp. 3d 1, 6–7 (D.D.C. 2021) (collecting cases).

Plaintiff has neither invoked the FTCA and asserted his pursuit of administrative remedies nor established any other jurisdictional basis for his billion-dollar claim. Therefore, this case will be dismissed by separate order. Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" the court determines that it lacks subject matter jurisdiction).

Date: January 28, 2025

_____
AMIR H. ALI
United States District Judge